Submitting Counsel on Signature Page

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | **Case No. 17-cv-00312-WHO** |
| **Plaintiff,** | **Case No. 17-cv-00562-WHO** |
| v. | [Related Case No. 14-md-02521-WHO] |
| **ALLERGAN PLC, et al.,** | |
| **Defendants.** | **JOINT STIPULATED PROTECTIVE ORDER** |

| |
|---|
| **THE STATE OF CALIFORNIA, EX REL. XAVIER BECERRA, ATTORNEY GENERAL,** |
| **Plaintiff,** |
| v. |
| **ALLERGAN PLC, et al.,** |
| **Defendants.** |

Disclosure and discovery activity in the above-captioned cases is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties in the above-captioned cases hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 7, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party or non-party seeks permission from the Court to file material under seal.

1.      **SCOPE OF PROTECTIVE ORDER**

    1.1     This Protective Order shall apply to all documents, things, or information subject to discovery in these actions that is owned, possessed, or controlled by a party or a non-party and that contains the party's or non-party's trade secrets or other confidential research, development or commercial information in accordance with Fed. R. Civ. P. 26(c)(1), or other information required by law or agreement to be kept confidential ("Confidential Discovery Material"). Notwithstanding the scope of this Protective Order, the parties recognize that use of Confidential Discovery Material at trial is an issue to be discussed in advance of and addressed as appropriate in the proposed Joint Pretrial Order.

2.      **CONFIDENTIALITY DESIGNATIONS (TWO-TIER)**

    2.1     Each party and any non-party shall have the right to designate any Confidential Discovery Material as confidential and subject to this Protective Order, by marking all or part of

such Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." It shall be the duty of the party or non-party who seeks to invoke protection under this Protective Order ("Producing Party") to give notice, as set forth below, of the Confidential Discovery Material designated to be covered by this protective order ("Designated [CONFIDENTIAL or HIGHLY CONFIDENTIAL] Material"). The duty of the parties and of all other persons bound by this Protective Order to maintain the confidentiality of Confidential Discovery Material so designated ("Receiving Party") shall commence with such notice.

2.2    Under this Protective Order, Confidential Discovery Material shall be marked "CONFIDENTIAL" if, and only if, the Producing Party in good faith considers the Discovery Material to be, reflect or reveal a trade secret or other confidential research, development or commercial information in accordance with Fed. R. Civ. P. 26(c)(1), or other information required by law or agreement to be kept confidential.

2.3    Under this Protective Order, Confidential Discovery Materials can be designated as "HIGHLY CONFIDENTIAL" Material if the Confidential Discovery Material is "CONFIDENTIAL" as set forth in Paragraph 2.2 above and constitutes or reflects trade secrets; confidential research, development, testing and studies relating to drug products; and/or sensitive financial or strategic commercial information, where the disclosure of the information is likely to cause harm to the competitive position of the Producing Party.

2.4    CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, respectively, shall include: (a) all copies, extracts, and complete or partial summaries prepared from such CONFIDENTIAL or HIGHLY CONFIDENTIAL Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL Material; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such

3

CONFIDENTIAL or HIGHLY CONFIDENTIAL Material; (d) written discovery responses and answers that contain, summarize, or reflect the content of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL Material; and (e) deposition testimony designated in accordance with the paragraphs below.

2.5     Any document produced (or material containing or summarizing information from a document produced), as well as all transcripts of any investigational hearings, during the pre-complaint investigation by the Federal Trade Commission ("FTC") and/or by the State of California's Attorney General's Office ("AGO") pursuant to California Government Code sections 11180 *et seq.* (collectively the "Investigatory Material") shall be treated as HIGHLY CONFIDENTIAL Material under this Order, notwithstanding any designation or lack thereof on the documents as originally produced, unless either the original source of the document agrees or the Court orders otherwise. If a non-party, which has produced documents to the FTC and/or the AGO, has requested that its identity not be revealed, its identity shall be kept HIGHLY CONFIDENTIAL, unless such non-party agrees or the Court orders otherwise; provided, however, that the FTC and AGO shall provide outside counsel for the parties to this litigation, at the time the documents are produced, with a list of those non-parties who have requested confidential treatment for their identities and whose HIGHLY CONFIDENTIAL Materials are disclosed to such counsel under this Order, and shall identify on that list the specific documents produced by each such non-party.

2.6     Any document produced (or material containing information from a document produced), any deposition transcripts or exhibits, any expert reports, discovery responses, any filings, and other materials from patent litigations relating to Lidoderm that were designated therein as CONFIDENTIAL or HIGHLY CONFIDENTIAL, or otherwise marked as deserving heightened

confidentiality (e.g., OUTSIDE COUNSEL EYES ONLY) shall be treated as HIGHLY

CONFIDENTIAL Material under this Order.

2.7     Any document produced (or material containing information from a document

produced), any deposition transcripts or exhibits, any expert reports, discovery responses, any

filings, and other materials from antitrust actions in or related to the litigations styled as *In re*

*Lidoderm Antitrust Litigation*, No. 14-md-02521-WHO (N.D. Cal.) and *FTC v. Endo*

*Pharmaceuticals Inc., et al.*, No. 2:16-cv-01440-PD (E.D. Pa.) (hereinafter "Related Case" or

"Related Cases") designated as CONFIDENTIAL Material, HIGHLY CONFIDENTIAL Material,

or as OUTSIDE COUNSEL EYES ONLY shall be treated in accordance with the corresponding

provisions in this Order.

2.8     CONFIDENTIAL and HIGHLY CONFIDENTIAL Material shall not include any

discovery material which:

      a.     is in the public domain at the time of disclosure;

      b.     becomes part of the public domain through no fault of a Receiving Party or

             non-parties who are not in breach of any obligations to the Producing Party;

      c.     is information the Receiving Party can show was in its possession prior to

             the time of disclosure; or

      d.     is information the Receiving Party receives at a later date from a non-party

             properly and rightfully in possession of said information, and not as a result

             of any breach of confidentiality, and properly and rightfully authorized to

             make disclosure without restriction as to disclosure.

**3.    DESIGNATING MATERIALS AS "CONFIDENTIAL" AND/OR "HIGHLY CONFIDENTIAL"**

3.1    The designation of information as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material for purposes of this Order shall be made in the following manner:

a.    with regard to written material (including transcripts of depositions or other testimony), a legend shall be affixed to each page substantially in the form, "CONFIDENTIAL — Subject to Protective Order" or "HIGHLY CONFIDENTIAL — Subject to Protective Order"; and

b.    with regard to non-written material, such as recordings, magnetic media, photographs and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner.

c.    A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, and until and unless produced without any confidentiality designation, all of the material made available for inspection shall be deemed to be HIGHLY CONFIDENTIAL Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party shall affix the appropriate legend on each page that contains Confidential Discovery Material.

d.    Any party may designate any or all portions of depositions taken in these actions as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material either (1) by making a statement on the record at the deposition, or (2) by

JOINT STIPULATED PROTECTIVE ORDER
Case Nos. 17-cv-00312-WHO and 17-cv-00562-WHO

serving notice in writing to counsel of record within thirty (30) days of receiving the transcript of the deposition. Only those portions of a deposition that actually contain CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material may be so designated. All deposition transcripts and/or videos will be treated as HIGHLY CONFIDENTIAL Material until a party designates any or all portions of the transcript as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material or until thirty (30) days after receipt of the final, official (non-draft) transcript and/or video, whichever is earlier. Thereafter, any portion of any deposition testimony that is not designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material in accordance with this Order within thirty (30) days after receipt of the final, official (non-draft) transcript and/or video of the deposition (or other testimony) shall not be entitled to the protections afforded under this Order, except upon a showing of good cause.  If a designation is made, the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL portions and exhibits, if filed with the Court, shall be subject to the filing requirements set forth in Paragraph 7 below. If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be afforded the same status.

3.2     Notwithstanding the obligation to timely designate CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material under the foregoing paragraphs 3.1(a)-(d), the inadvertent or unintentional failure to designate specific Confidential Discovery Material as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material shall not be deemed a waiver in whole or in part of

the claim of confidentiality. Upon prompt notice from the Producing Party of such failure to designate, all Receiving Parties shall cooperate to restore the confidentiality of the inadvertently or unintentionally disclosed Confidential Discovery Material. No party shall be held in breach of this Order if, prior to notification of such later -designation, such Confidential Discovery Material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies of the Discovery Material bearing the corrected designation. The Receiving Party shall return or certify the destruction of the undesignated Confidential Discovery Material. If material inadvertently not designated is, at the time of the later designation, already filed with a court on the public record, the party or person that failed to make the designation shall move for appropriate relief.

**4.      DISCLOSURE AND USE OF CONFIDENTIAL DISCOVERY MATERIAL**

4.1      Absent an agreement of the Producing Party or an Order to the contrary by this Court or other court of competent jurisdiction, and except as provided in Paragraph 4.4 below, each party and all other persons bound by the terms of this Protective Order shall use any material designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material by a party or non-party other than itself solely for purposes of these actions, and such Material shall not be used for any other purpose, including, without limitation, any business or commercial purpose. The attorneys of record for the parties shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purpose specified herein, and (b) disclosed only to authorized persons.

4.2      Subject to Paragraphs 4.4-5.4, CONFIDENTIAL Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order and only to the following persons:

a.    any employee of a Party who is required in good faith to provide material assistance in the conduct of the litigation of these actions, and who executes a copy of the Undertaking attached hereto as Exhibit A. If a Producing Party objects to the disclosure of CONFIDENTIAL material to any such employee, the designated employee may not view that producing party's CONFIDENTIAL Material, provided that the designating party may seek relief from the Court following a good faith meet and confer effort with the Producing Party to resolve the objection.

b.    Parties' internal counsel, and their legal, investigative, technical, administrative and other support staff, engaged in the conduct of these actions;

c.    outside counsel for the Parties in these actions or in any Related Case, or other counsel who have entered an appearance in these actions, their respective legal, investigative, technical, administrative and other support staff, engaged in the conduct of these actions on behalf of named Parties;

d.    FTC personnel, including FTC Commissioners, as well as Commission attorneys, employees, and law clerks that are working on, supervising, or being briefed about this Litigation ("FTC Personnel");

e.    AGO personnel, including AGO attorneys, employees, and law clerks that are working on, supervising, or being briefed about this Litigation ("AGO Personnel");

f.    this Court, or any other court exercising jurisdiction with respect to these actions, any appellate court(s), court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking

9

or transcribing testimony or argument at any deposition, hearing, trial or appeal in these actions;

g.     any person designated by the Court upon such terms as the Court may deem proper;

h.     any mediators engaged by the parties or appointed by the Court, and their support staff ("Mediators");

i.     outside experts and consultants and their staff (including all non-party personnel and support staff assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are employed) retained to assist the parties in the conduct of these actions, so long as such person has executed a copy of the Undertaking attached as Exhibit A ("Experts");

j.     persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, including any assistants and/or mock jurors that professional jury or trial consultants may employ, retained by outside counsel for a Party to whom it is reasonably necessary to disclose the information for these actions and who will maintain the confidentiality of such Confidential Discovery Material;

k.     any person whom any Party has a good faith basis to believe authored or previously received the material;

l.     any person who (i) has or had an authorized right of access to the material and (ii) has signed the Undertaking attached hereto as Exhibit A;

m.   the Producing Party's current directors, officers, or employees;

n.   witnesses or potential witnesses in these actions and their counsel, as permitted pursuant to the provisions of Paragraphs 6.1-6.3;

o.   any person who has been designated as a Rule 30(b)(6) witness by the Producing Party;

p.   court reporters, videographers and translators; and

q.   any person other than those listed in this section for whom a party requests permission to disclose CONFIDENTIAL Material by providing counsel for the Producing Party with advance written notice, via electronic mail/PDF, or hand delivery, at least seven (7) business days before any disclosure. Any request shall state the specific material to be disclosed and the identity of each person to whom the material will be disclosed.  The Producing Party shall respond within seven (7) business days of its receipt of such written request. A failure to respond within such time shall constitute consent to the request.  If a Producing Party objects to the disclosure of CONFIDENTIAL material to any such person, the designated person may not view that producing party's CONFIDENTIAL Material, provided that the designating party may seek relief from the Court following a good faith meet and confer effort with the Producing Party to resolve the objection;

r.   others as to whom the Producing Party has given written consent or by Order of the Court.

4.3   Subject to Paragraphs 4.4-5.4, HIGHLY CONFIDENTIAL Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following persons:

a.   Parties' internal counsel, and their legal, investigative, technical, administrative and other support staff, engaged in the conduct of these actions;

b.   outside counsel for the Parties in these actions or in any Related Case, or other outside counsel who have entered an appearance in these actions and regular and temporary staff of such counsel to the extent necessary to assist such counsel in the conduct of these actions;

c.   FTC Personnel (as defined above);

d.   AGO Personnel (as defined above);

e.   Experts (as defined above);

f.   Mediators (as defined above);

g.   persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, including any assistants and/or mock jurors that professional jury or trial consultants may employ, retained by outside counsel for a Party to whom it is reasonably necessary to disclose the information for these actions and who will maintain the confidentiality of such Confidential Discovery Material;

h.   witnesses or potential witnesses in these actions and their counsel, as permitted pursuant to the provisions of Paragraphs 6.1-6.3;

i.   any person who has been designated as a Rule 30(b)(6) witness by the Producing Party;

j.   the Court and its employees and the jury;

k.     court reporters, videographers and translators;

l.     any person other than those listed in this section for whom a party requests permission to disclose HIGHLY CONFIDENTIAL Material by providing counsel for the Producing Party with advance written notice, via electronic mail/PDF, or hand delivery, at least seven (7) business days before any disclosure. Any request shall state the specific material to be disclosed and the identity of each person to whom the material will be disclosed.  The Producing Party shall respond within seven (7) business days of its receipt of such written request. A failure to respond within such time shall constitute consent to the request.  If a Producing Party objects to the disclosure of HIGHLY CONFIDENTIAL material to any such person, the designated person may not view that producing party's HIGHLY CONFIDENTIAL Material, provided that the designating party may seek relief from the Court following a good faith meet and confer effort with the Producing Party to resolve the objection; and

m.     others as to whom the Producing Party has given written consent or by Order of the Court.

The parties anticipate that there may be a need for additional confidentiality protection for a limited number of HIGHLY CONFIDENTIAL materials that contain highly sensitive, forward-looking business information. Such material may be designated as "OUTSIDE COUNSEL EYES ONLY," and may not be shown to parties' internal counsel notwithstanding Paragraph 4.3.a. above, but may be shown to all remaining parties identified in Paragraph 4.3 subject to the terms and conditions herein.

4.4     Irrespective of whether an individual has executed the CONFIDENTIAL or HIGHLY CONFIDENTIAL Undertaking, this Order shall not apply to and, thus, does not restrict any party's use, for any purpose, of (1) its own CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material, or (2) any documents, things, information or other material that, at the time of disclosure in these actions, is publicly known through no unauthorized act of such party or was lawfully developed or obtained independent of discovery in these actions.  Moreover, this Order shall not apply to and does not restrict any individual from reviewing or seeing any document generated or received by that individual or communicated to or known to that individual, and does not restrict any individual from reviewing or seeing any document containing information believed in good faith to be known to the individual. Notwithstanding the foregoing, any portions of the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material that, on its face, was not communicated to or known to the individual shall be redacted before showing the document to the individual. Nothing in this Paragraph is intended to, or does, preclude a Party from taking action under Paragraph 10.3 below due to the conduct described in this Paragraph.

4.5     This Order shall not restrict any attorney who is a qualified recipient under the terms of Paragraphs 4.2.b-c. and 4.3.a. from rendering advice to his or her client that is a Party with respect to these actions, and in the course thereof, from generally relying upon his or her examination of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material of another Party or non-party where such disclosure would not otherwise be permitted under the terms of this Order.

4.6     If a party is served with a subpoena, discovery request in another action, or any other request seeking by legal process the production of documents, things, information or other

material produced to it and designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL

Material in these actions, such party shall notify promptly the Producing Party so as to provide the

Producing Party a reasonable opportunity to object to the production.

4.7     Nothing in this Order shall prevent the FTC from disclosing and using

CONFIDENTIAL Material and HIGHLY CONFIDENTIAL Material, subject to taking appropriate

steps to preserve confidentiality, to the extent necessary to comply with Sections 6(f) of the FTC

Act, 15 U.S.C. §§ 46(f) and 57b.2, or any other legal obligation imposed upon the Commission.

Likewise, nothing in this Order shall prevent the AGO from disclosing and using

CONFIDENTIAL Material and HIGHLY CONFIDENTIAL Material, subject to taking appropriate

steps to preserve confidentiality, to the extent necessary to comply with California Government

Code sections 11180 *et seq.*, or any other legal obligation imposed upon the AGO.

**5.     PROCEDURES FOR DISCLOSURE OF "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" INFORMATION**

5.1     Every person to whom CONFIDENTIAL and/or HIGHLY CONFIDENTIAL

Material or information contained therein is to be disclosed, summarized, described, characterized,

or otherwise communicated or made available in whole or in part, first shall be advised that the

material or information is being disclosed pursuant and subject to the terms of this Order.

**6.     EXAMINATION OF WITNESSES**

6.1     Any inventor or current employee, officer, or director of a Party may be examined at

trial or upon deposition concerning any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL

Material of such Party.

6.2     Any expert witness may be examined at trial or upon deposition concerning any

CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material.

6.3     Any other person may be examined as a witness at trial or upon deposition concerning any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material which that person had lawfully generated, received or which was previously communicated to or known to that witness. During examination or preparation therefor, any such witness may be shown CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material which appears on its face or from other documents or testimony to have been generated or received by that witness or communicated to or known to that witness or which contains information believed in good faith to be known to the individual. Any portions of the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material that, on its face, was not communicated to or known to the witness shall be redacted before showing the document to the witness.

## 7.     FILING PROTECTED MATERIAL

7.1     Without written permission from the Producing Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Discovery Material. A Party that seeks to file under seal any Confidential Discovery Material must comply with Civil Local Rule 79-5.

7.2     If any CONFIDENTIAL or HIGHLY CONFIDENTIAL material is filed in the public record by the Producing Party, such public filing shall constitute the Producing Party's waiver of the designation of the publicly filed material for its use by any party in this Litigation. However, such public filing will not instantly constitute a waiver of any confidentiality designations made with respect to any non-publicly filed portions of the publicly filed document, the subject matter of the publicly filed material, or concerning any other material not actually publicly filed but this provision is subject to the rights of any non-Producing Parties to argue by motion that such public filing is a waiver with regard to the subject matter or other documents or is a wavier under the selective invocation sword and shield or other relevant doctrine.

**8.     INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

8.1     If information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity is produced inadvertently, the Parties shall comply with Fed. R. Evid. 502(b) and Fed. R. Civ. P. 26(b)(5)(B).

**9.     OBLIGATIONS OF OUTSIDE COUNSEL**

9.1     It shall be the responsibility of outside counsel to ensure strict compliance with the provisions of this Protective Order in their dealings with CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material, and it shall be the responsibility of outside counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material as provided herein. All persons responsible for determining that materials contain CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material shall be familiar with this Protective Order and the scope of its protection. All CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material including any and all copies thereof shall be kept by the Receiving Party in a place appropriately safe, given its status.

**10.     OTHER**

10.1     <u>Conclusion of the Action</u>:

a.     Within sixty (60) days after entry of a final judgment or dismissal with prejudice in these actions (including appeals or petitions for review) or the execution of a settlement agreement among all the parties finally disposing of all issues raised in these actions, outside counsel and all other persons having possession or control of another party's CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material, including any briefs, motions, pleadings, expert reports or other documents created during the course of these actions that contain CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material, shall:

(a) return all CONFIDENTIAL and HIGHLY CONFIDENTIAL Material and any copies thereof to the appropriate outside counsel who produced the CONFIDENTIAL and HIGHLY CONFIDENTIAL Material; or (b) destroy such CONFIDENTIAL and HIGHLY CONFIDENTIAL Material. Each party shall give written notice of such destruction to outside counsel for the Producing Party. Counsel of record, however, may retain copies of all filings, written discovery, and correspondence for archival purposes. Further, all notes, summaries, or other documents prepared by attorneys, or outside experts/consultants designated as provided in Paragraphs 10 and 11, derived from or containing CONFIDENTIAL and HIGHLY CONFIDENTIAL Material, shall after the conclusion of the actions, be kept within the files of trial counsel for the party creating such work product, or be destroyed.  In addition, counsel shall be entitled, without violating this Order, to retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and e-mail), any other papers filed with the Court (including exhibits), deposition transcripts (including exhibits), and the trial record (including exhibits) even if such materials contain Confidential Material or Highly Confidential Material, so long as this Order will continue to govern any such retained materials. The Receiving Party's reasonable efforts shall not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are located in the email archive system or archived electronic files of departed employees; (iii) are subject to litigation hold obligations; or (iv) are otherwise required by law to be retained. Backup storage media need not be restored for purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

b.      Nothing in this Order shall preclude the FTC from complying with the provisions of Rule 4.12 of the FTC's Rules of Practice, 16 C.F.R. § 4.12, in disposing of Investigatory Material.  Likewise, nothing in this Order shall preclude the AGO from complying with California Government Code sections 11180 *et seq*. in disposing of Investigatory Material.

10.2      Other Proceedings: By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a subpoena or other valid process compelling disclosure of another party's information Designated CONFIDENTIAL and HIGHLY CONFIDENTIAL Material pursuant to this order (the "Subpoenaed Party") shall provide the Producing Party with written notice of such subpoena or legal process, via electronic mail/PDF, within five (5) business days of the date on which counsel of record in this litigation receives such subpoena or legal process or a lesser period if ordered by a court (the "Response Period so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.  The Subpoenaed Party shall also inform the persons seeking discovery in writing (with copy to the Producing Party) that providing the information may be a violation of this Order.  After receipt of the notices specified by this Paragraph, the Producing Party shall be responsible for obtaining any order it believes necessary to prevent disclosure of the confidential information that has been subpoenaed or requested. If the Producing Party does not move to quash and/or for a protective order within the time allowed for production by the subpoena or request (or within such times as a court may direct or as may be agreed upon between the Producing Party, Subpoenaed Party, and the subpoenaing person or entity) or notifies the Subpoenaed Party in writing that it will not file a motion, the Subpoenaed Party may commence production in response to the subpoena or request. The Subpoenaed Party will not produce any of the CONFIDENTIAL or HIGHLY CONFIDENTIAL Material while a

Producing Party's motion to quash and/or for a protective order is pending, or while an appeal from or request for appellate review of such motion is pending, unless a court orders production of the confidential material that is subject to this Order.  Production of any confidential material pursuant to a court order shall not be deemed a violation of this Order. Nothing herein shall be construed as requiring the Subpoenaed Party to subject itself to any penalties for non-compliance with any subpoena, access request, or legal process or to seek any relief from the Court. Nothing in this Order shall prevent a party to this Litigation from using its own CONFIDENTIAL or HIGHLY CONFIDENTIAL Material for any purpose.

      10.3    <u>Contested Designations</u>: A Party shall not be obligated to challenge the propriety of designating any CONFIDENTIAL and HIGHLY CONFIDENTIAL Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a Party disagrees at any stage of these proceedings with the designation by the Producing Party of any information as CONFIDENTIAL and HIGHLY CONFIDENTIAL Material, the Parties shall try first to resolve such dispute in good faith on an informal basis. The objecting Party shall first provide written notice to the Producing Party, identifying the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material whose designation it challenges and setting forth the basis for the challenge. Except in the case of a challenge for more than twenty (20) documents or more than twenty-five (25) pages of deposition testimony, within fourteen (14) days of its receipt of written notice of the challenge to its designation, the Producing Party shall meet and confer with the objecting Party in order to attempt to resolve any dispute concerning the designation by agreement or stipulation. In the case of a challenge for more than twenty (20) documents or more than twenty-five (25) pages of deposition testimony, the challenging Party and the Producing Party shall meet and confer in good faith to establish a reasonable timeframe for a response to the challenge, which in no case shall be more than thirty (30) days from the receipt of

written notice that the challenging Party objects to the confidentiality designation. If the dispute cannot be resolved, the objecting Party may seek appropriate relief from the Court, but the Party seeking to restrict disclosure of information shall bear the burden of proof that it constitutes CONFIDENTIAL and HIGHLY CONFIDENTIAL Material. The objecting Party's motion or application to the Court shall identify with specificity the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material that is the subject of the motion, but shall not disclose or reveal the contents of that material except in the manner prescribed by Paragraph 7 of this Protective Order. If such a motion or application is made, all Discovery Material so designated shall maintain CONFIDENTIAL or HIGHLY CONFIDENTIAL status pending a determination by the court as to its appropriate status.

10.4    <u>Non-waiver</u>: The production of Confidential Discovery Materials by a Party under the terms of this Order shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy or admissibility of such Materials. Nothing contained herein shall preclude any Party from opposing any discovery on any basis.

10.5    <u>Additional Parties</u>: If an additional party joins or is joined in these actions, the newly joined party shall not have access to CONFIDENTIAL and HIGHLY CONFIDENTIAL Material until the parties agree to a supplemental Protective Order governing the protection of CONFIDENTIAL and HIGHLY CONFIDENTIAL Material.

10.6    <u>Non-Parties</u>:

a.      If any discovery requests are served on any non-party, the party serving the discovery request(s) shall, at the time of service, provide the non-party with a copy of this Order. Documents produced by non-parties in this Litigation that consist of or contain portions of documents originally created or generated by a party shall be treated as HIGHLY CONFIDENTIAL until the expiration of sixty (60) days after the date the

21

document is produced. During that period, if any party believes a non-party has produced information which the party believes should be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, that party may notify the non-party and other parties of the designation that it believes should apply. The party providing such notification will then be deemed a Producing Party with respect to such documents and such documents shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, as designated by the party.

b.      Any non-party from whom discovery is sought in these actions may designate some or all of the documents, things, information or other material as CONFIDENTIAL and HIGHLY CONFIDENTIAL Material under this Protective Order. If it does so, then each Party to the action will have with respect to such CONFIDENTIAL and HIGHLY CONFIDENTIAL Material the same protections and obligations which that Party has with respect to CONFIDENTIAL and HIGHLY CONFIDENTIAL Material of another Party to the action. Nothing in this Paragraph or this Protective Order is intended to, or does, excuse any non-party from compliance with a duly served subpoena.

10.7      <u>Attendance at Depositions</u>: If a deposition concerns CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, the Producing Party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized in accordance with Paragraphs 4.2-4.3 above to have access to such Material. In-house counsel authorized to receive CONFIDENTIAL Material pursuant to Paragraph 10(b) shall only be excluded from the portion of the deposition that contains questions and answers that reveal the content of information designated HIGHLY CONFIDENTIAL, the disclosure of which is likely to cause harm to the competitive position of the Producing Party, and which would have been redacted from expert reports,

pleadings, briefs or other papers filed with the Court in these actions under seal as specified in Paragraph 7.

       10.8     Unauthorized Disclosure: In the event of disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL Material to a person not authorized to have access to such material, the Party responsible for having made, and any Party with knowledge of, such disclosure shall immediately inform outside counsel for the Producing Party whose CONFIDENTIAL or HIGHLY CONFIDENTIAL Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible Party also promptly shall take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such Material is made and to retrieve any Material improperly disclosed. Each Party shall cooperate in good faith in that effort.

       10.9     Termination of Access:

            a.     In the event any person or Party ceases to be engaged in the conduct of these actions, such person's or Party's access to CONFIDENTIAL and HIGHLY CONFIDENTIAL Material shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of Paragraph 10.1 hereof, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of these actions.

            b.     The provisions of this Order shall remain in full force and effect as to any person or Party who previously had access to CONFIDENTIAL and HIGHLY CONFIDENTIAL Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

       10.10    Modification:

a.      Stipulations may be made, between Counsel for the respective Parties, as to the application of this Order to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any Party from seeking an order of the Court modifying or supplementing this Order.

b.      Nothing in this Order shall preclude any party, or any non-party from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during the Litigation. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of the Litigation and for such time thereafter as is needed to carry out the terms of this Order.

10.11   Duration: Even after the termination of these actions, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a Court order otherwise directs.

1  Dated: October 20, 2017

2  Respectfully submitted by:

3

4  **ATTORNEY GENERAL OF CALIFORNIA**                    **FEDERAL TRADE COMMISSION**
   **XAVIER BECERRA**

5

6  /s/ *Pamela Pham*  _____              /s/ *Jamie R. Towey*  _____
7  Cheryl Johnson                             Markus H. Meier
   Pamela Pham                                Bradley S. Albert
8  Deputy Attorneys General                   Jamie R. Towey
   300 S. Spring Street, Suite 1700           Eric M. Sprague
9  Los Angeles, CA 90013                      Daniel W. Butrymowicz
   Telephone:  (213) 897-2688                 Daniel S. Bradley
10 Fax:  (213) 897-2801                        Nicholas A. Leefer
   E-mail:  Cheryl.Johnson@doj.ca.gov;        600 Pennsylvania Avenue, N.W.
11          Pamela.Pham@doj.ca.gov            Washington, DC 20580
                                              Tel.: (202) 326-2756
12 *Attorneys for Plaintiff the State of California*   Fax: (202) 326-3384
                                              mmeier@ftc.gov; balbert@ftc.gov;
13                                            jtowey@ftc.gov; esprague@ftc.gov;
                                              dbutrymowicz@ftc.gov; dbradley@ftc.gov;
14                                            nleefer@ftc.gov

15                                            *Attorneys for Plaintiff Federal Trade*
                                              *Commission*
16

17 **SKADDEN, ARPS, SLATE, MEAGHER**          **WHITE & CASE LLP**
   **& FLOM LLP**
18

19
   /s/ *Timothy H. Grayson*  _____        /s/ *Jeremy Ostrander*  _____
20 Karen Hoffman Lent (*pro hac vice* application   Peter J. Carney (admitted *pro hac vice*)
   forthcoming)                               701 Thirteenth Street, N.W.
21 Michael Menitove (*pro hac vice* application   Washington, DC 20005
   forthcoming)                               Tel: (202) 626-3600
22 Four Times Square                          Fax: (202) 639-9355
23 New York, New York 10036                   pcarney@whitecase.com
   Telephone: (212) 735-3000
24 Facsimile: (917) 777-3000                  Jack E. Pace III (admitted *pro hac vice*)
   karen.lent@skadden.com                     1155 Avenue of the Americas
25 michael.menitove@skadden.com               New York, New York 10036
                                              Tel: (212) 819-8200
26                                            Fax: (212) 354-8113
                                              jpace@whitecase.com
27                                            bgant@whitecase.com
   Steven C. Sunshine (*pro hac vice* application
28
                                   25

forthcoming)
Timothy H. Grayson (*pro hac vice* application forthcoming)
1440 New York Ave. NW
Washington, DC 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
steve.sunshine@skadden.com
timothy.grayson@skadden.com

Patrick Hammon (SBN: 255047)
525 University Avenue
Suite 1400
Palo Alto, CA 94301
Telephone: (650) 470-3118
Facsimile:  (650) 798-6544
patrick.hammon@skadden.com

*Attorneys for Defendant Watson Laboratories, Inc.*

Jeremy Ostrander (SBN: 233489)
Erica Sutter (SBN: 309182)
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, California 94306
Tel: (650) 213-0300
Fax: (650) 213-8158
jostrander@whitecase.com
erica.sutter@whitecase.com

*Attorneys for Defendants Allergan plc and Allergan Finance, LLC*

JOINT STIPULATED PROTECTIVE ORDER
Case Nos. 17-cv-00312-WHO and 17-cv-00562-WHO

1

## <u>ORDER</u>

2          PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4

5     Dated: October 24, 2017

6                                        William H. Orrick
                                         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATED PROTECTIVE ORDER
Case Nos. 17-cv-00312-WHO and 17-cv-00562-WHO

**EXHIBIT A**

**UNDERTAKING TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the

United States District Court for the Northern District of California on September __, 2017 in the

following actions:  *Federal Trade Commission et al. v. Allergan plc et al.*, Case No. 17-cv-00312-

WHO and *State of California et al. v. Allergan plc et al.*, Case No. 17-cv-00562-WHO.

I agree to comply with and to be bound by all the terms of the Stipulated Protective Order. I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of the Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____, 201_____ at (location): _____

Name: _____ Signature: _____